IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

MICHELLE MAGANA,

  Plaintiff,

  v.

COMMISSIONER OF SOCIAL
SECURITY ADMINISTRATION,

  Defendant.
                                                    /

No. C 11-04839 WHA

**ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

## INTRODUCTION

In this social security action, plaintiff appeals the denial of disability benefits. For reasons stated below, plaintiff's motion for summary judgment is **GRANTED IN PART**, and defendant's motion for summary judgment is **DENIED**.

## STATEMENT

In 2008, plaintiff Michelle Magana applied for disability insurance benefits and supplemental security income under Titles II and XVI of the Social Security Act, alleging disability on the basis of cirrhosis, hepatitis, enlarged spleen, asthma, right-shoulder tendonitis, gallstones, and arthritis in her fingers and wrists (AR 12–80).

With respect to her arthritis, Magana testified at her July 2010 administrative hearing that she could barely use a computer, had problems buttoning her clothes, pulling her zipper, and tying her shoes due to pain in her hands and wrists. She testified that her fingers were swelling and

1  becoming deformed. She also testified that she could not take most pain medication because of
2  her history of addiction and liver disease (AR 41–46). Magana's treating physician, Dr. Phillip
3  Bannwart, submitted a report that Magana had osteoarthritis in both hands which limited her hand
4  function. He wrote that she had pain in the distal interphalangeal joints of both fingers (the joints
5  at the tips of the fingers) with reduced range of motion, joint deformity, and severe tenderness.
6  He wrote that she could only occasionally perform reaching, handling, and fingering due to the
7  pain (AR 433–38). Lastly, a vocational expert testified that, if Magana was unable to perform
8  frequent fingering, she could not perform her past job in the mortgage banking business as a loan
9  processor, loan underwriter, and loan officer because those jobs required a lot of computer work
10 (AR 59).

11  Aside from the arthritis, Dr. Bannwart also reported that Magana needed unscheduled
12 breaks due to fatigue (approximately two hours of resting/lying down needed during an eight-
13 hour workday), had problems concentrating, and required absence from work more than three
14 times a month due to her impairments (AR 436).

15  In his August 2010 decision, the ALJ found that Magana's cirrhosis and asthma were
16 severe but her other ailments were non-severe. The ALJ determined that she had residual
17 functional capacity to perform light work and an ability to lift and/or carry 20 pounds
18 occasionally, and sit for up to six hours in an eight-hour workday. The ALJ found informative
19 the fact that in June 2008, two years earlier, Magana reported to the Social Security
20 Administration that she was able to perform light chores including washing the dishes, doing
21 laundry, light cleaning, and driving twice a week. The ALJ also placed "great weight" on the
22 opinions of State Agency physicians who reported that Magana was able to perform light work
23 (AR 21).

24  Conversely, the ALJ did not find Magana's osteoarthritis testimony credible because she
25 received "no treatment for her alleged wrist and finger pain" (AR 20). Similarly, the ALJ gave
26 "little weight" to the opinions of Dr. Bannwart

27  given the claimant's short treating relationship with him, and because his opinion [was]
    unsupported by the medical record as a whole. Further, with regard to Dr. Bannward[t]'s
28  opinion regarding the claimant's restricted use of her bilateral extremities, the record

2

      contains no objective signs or findings that support the conclusion that she suffers from osteoarthritis of her bilateral extremities (AR 21).

Because the ALJ discounted Magana's testimony and Dr. Bannwart's report regarding arthritis, he found no hand or finger impairment. Therefore, the ALJ denied Magana's disability claim on the basis that she could return to her past work as a mortgage loan processor, loan officer, or underwriter (AR 22).

      Magana appealed the decision to the Appeals Council and concomitantly submitted new medical evidence that was not before the ALJ, including an x-ray report documenting the existence of inflammatory osteoarthritis. The December 2009 radiology report diagnosed (AR 465):

> Joint space narrowing and erosive bony changes at the distal interphalangeal joint of the fourth digit of the right hand. There is a minimal overlying soft tissue swelling. Also celluose changes of right scaphoid. Erosive changes at the base of the left fifth metacarpal and left triquetrum. Consider erosive arthritis, psoriatic arthritis, or rheumatoid.

In addition, Magana newly submitted a rheumatologist's consulting report to the Appeals Council. The report found Herberden's nodes [bony swellings/deformity] in the distal interphalangeal joints of both fingers, and pain and tenderness base of thumbs. The rheumatologist diagnosed Magana with osteoarthritis inflammatory complicated by history of alcoholic cirrhosis and therefore not amenable to most pain medications (AR 398).

      Despite this newly submitted evidence, the Appeals Council declined review (AR 1–6). Magana then commenced this action for judicial review pursuant to 42 U.S.C. 405(g). Magana moves for summary judgment to remand for an award of benefits. The Commissioner moves for summary judgment to affirm the ALJ's finding of non-disability.

## ANALYSIS

> [The reviewing court] will disturb the denial of benefits only if the decision "contains legal error or is not supported by substantial evidence." Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." The "evidence must be more than a mere scintilla but not necessarily a preponderance." The ALJ's findings will be upheld "if supported by inferences reasonably drawn from the record...." The court will uphold the ALJ's conclusion when the evidence is susceptible to more than one rational interpretation. Finally, the court will not reverse an ALJ's decision for harmless error, which exists when it is clear from the record that "the ALJ's error was 'inconsequential to the ultimate nondisability determination.'"

*Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008) (citations omitted).

3

1.   **FINDING OF NO ARTHRITIC IMPAIRMENT.**

In assessing whether the ALJ's decision is supported by substantial evidence, the reviewing court may take into account medical evidence that was not before the ALJ but later submitted with the appeal to the Appeals Council. *Taylor v. Commissioner of Social Security Administration*, 659 F.3d 1228, 1232 (9th Cir. 2011).

In finding that Magana was not impaired by arthritis, the ALJ rejected Dr. Bannwart's opinion because there were "no objective signs or findings that support the conclusion that [Magana] suffer[ed] from osteoarthritis in her bilateral extremities" (AR 20). However, in light of the medical evidence submitted to the Appeals Council on appeal, the ALJ's conclusion lacks substantive evidence. The medical evidence submitted to the Appeals Council included an x-ray report and a rheumotologist's report diagnosing erosive arthritic changes in Magana's hands. This demonstrates that the ALJ's reason for rejecting Dr. Bannwart's opinion regarding arthritis is no longer supported by the medical record as a whole (AR 465). Thus, the ALJ's finding that Magana was not impaired by arthritis must be remanded for redetermination in light of the medical record as a whole, taking into account the later submitted evidence.

The Commissioner concedes that "the medical evidence would probably support [Dr. Bannwart's] diagnosis [of arthritic impairment]" (Br. 4–5). Notwithstanding this concession, the Commissioner argues that Dr. Bannwart's opinion should still be discounted because "it appears that Dr. Bannwart relied on Plaintiff's alleged fatigue in assessing handling and fingering limitations [as oppose to painful arthritis]" because the words "fatigued" are written next to his opinion that Magana had limited use of her hands. This is an incorrect reading of Dr. Bannwart's handwriting. The Court instead reads the words as "painful," which is a more reasonable interpretation given the context (AR 437–38).

4

Figure 1. Image from Dr. Bannwart's Report.



Commissioner also argues that the ALJ's decision of nondisability should be upheld because his error was harmless. Specifically, the Commissioner argues that the ALJ would have made a finding that there were jobs available to Magana even if she had arthritis. The sole basis for this argument is the VE's testimony that an individual like Magana with her residual functional capacity (even with severe arthritis) could find employment in significant numbers in the economy (AR 59–60). The ALJ made no such finding.

This Court cannot accept the Commissioner's invitation to make an independent determination of whether Magana is able to do any other work in the economy. *See Bray v. Commissioner of Social Security Admin.*, 554 F.3d 1219 (9th Cir. 2009). Our court of appeals has stated:

> Long-standing principles of administrative law require us to review the ALJ's decision based on the reasoning and factual findings offered by the ALJ — not post hoc rationalizations that attempt to intuit what the adjudicator may have been thinking. *See SEC v. Chenery Corp.*, 332 U.S. 194, 196 (1947) ("[I]n dealing with a determination or judgment which an administrative agency alone is authorized to make, [courts] must judge the propriety of such action solely by the grounds invoked by the agency. If those grounds are inadequate or improper, the court is powerless to affirm the administrative action by substituting what it considers to be a more adequate or proper basis.").

*Id.* at 1225–26. In *Bray*, the ALJ determined that the claimant would have been able to find gainful employment, in part, because of her "previous skilled work experience." In doing so, the ALJ failed to make specific findings that she possessed "transferable skills." On appeal, the Commissioner argued that the ALJ's decision should be upheld because the district court made sufficient findings from the administrative record regarding transferable skills. Our court of appeals disagreed and held that the ALJ, not the court, must make findings on transferable skills.

5

So too here. This action must be remanded to the Social Security Agency to redetermine how Magana's arthritis affects eligibility for benefits..

### 2. NON-ARTHRITIS FINDINGS.

Our court of appeals has held that the opinion of a treating doctor, even if contradicted by another doctor, can only be rejected for specific and legitimate reasons that are supported by substantial evidence in the record. *Widmark v. Barnhart*, 454 F.3d 1063, 1066 (9th Cir. 2006).

Here, the ALJ gave "little weight" to Dr. Bannwart's opinion that Magana needed unscheduled breaks due to fatigue (approximately two hours of resting/lying down needed during an eight-hour workday), had problems concentrating, and required absence from work more than three times a month due to her impairments. Even though Dr. Bannwart was Magana's primary care physician, the ALJ rejected his opinion because his relationship with Magana was short and his opinion was "unsupported by the medical record as a whole" (AR 21).

The ALJ erred by not providing specific and legitimate reasons for disregarding Dr. Bannwart's opinions. *First*, the ALJ found that Dr. Bannwart's relationship with Magana was short because he only began treating her in "April 2010" (AR 20). In fact, however, Dr. Bannwart was listed as Magana's primary care physician in a December 2009 report (AR 465). There was also a examination report by Dr. Bannwart from January 2010. The ALJ erred in rejecting Dr. Bannwart's opinion because of a short relationship. *Second*, the ALJ erred by not giving specific reasons for rejecting Dr. Bannwart's opinion, which was highly important because he was Magana's primary care physician and also the most recent physician to examine her. As our court of appeals has stated,

> the treating physician's continuing relationship with the claimant makes him especially qualified to evaluate reports from examining doctors, to integrate the medical information they provide, and to form an overall conclusion as to functional capacities and limitations, as well as to prescribe or approve the overall course of treatment.

*Reddick v. Chater*, 157 F.3d 715, 726 (9th Cir. 1998). *Third*, the ALJ consistently misspelled Dr. Bannwart's name as "Dr. Bannward." This suggests that the ALJ only cursorily reviewed Dr. Bannwart's reports. Finally, the ALJ's error was not harmless because it ultimately led to an adverse disability finding.

6

**CONCLUSION**

For the reasons stated, this social-security appeal is hereby remanded to the Social Security Agency for redetermination of plaintiff's eligibility for benefits.

**IT IS SO ORDERED.**

Dated: March 28, 2012.



WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE